Filed 12/21/23  P. v. Leslie CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DESHAWN DESHA LESLIE,<br><br>    Defendant and Appellant. | B327246<br><br>(Los Angeles County<br>Super. Ct. No. TA091536) |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor Hunter, Judge.  Affirmed.

Deshawn Desha Leslie, in pro. per.; Kathy R. Moreno, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Deshawn Leslie petitioned for resentencing under Penal Code section 1172.6,[1] which limited accomplice liability for murder. The trial court denied the petition, and Leslie appealed. His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216. Leslie filed a supplemental brief, arguing that the trial court improperly denied his petition. We conclude that the trial court did not err in denying the petition and affirm the order.

## INTRODUCTION

I.      The underlying crime, verdict, and sentence[2]

In 2006, Leslie's cousin was shot and wounded. Leslie and his cousin were Tree Top Piru gang members, and they believed that a rival gang was responsible for the shooting. Dominique Davis, who also was a Tree Top Piru gang member, armed himself with a gun and asked Leslie to drive him around to see if anybody was out. Leslie drove them into rival gang territory and stopped the car alongside another car in which the victim Ivan Nieves was sitting. Davis shot Nieves multiple times, killing him.

---

[1]      All further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[2]      We derive the background from the opinion affirming Leslie's judgment of conviction on direct appeal. (*People v. Leslie* (Mar. 18, 2009, B206632) [nonpub. opn.].) We take judicial notice of that opinion. (Evid. Code, §§ 451, subd. (a), 452, subds. (a), (d).)

2

Based on these events, Leslie was charged with one count of murder. A jury found him guilty of first degree murder (§ 187, subd. (a)) and found true principal gun use (§ 12022.53, subds. (b), (c), (d)) and gang (§ 186.22, subd. (b)(1)) allegations.

In 2008, the trial court sentenced Leslie to 50 years to life plus life.

II.     Section 1172.6 petitions for resentencing

In 2019, Leslie filed his first petition for resentencing. After the trial court appointed counsel for Leslie, received briefing, and held a hearing, the trial court concluded that Leslie was not entitled to relief because he was not convicted under the felony murder rule or the natural and probable consequences doctrine. The trial court also found that although Leslie was not the actual killer, he aided and abetted the murder.[3] Leslie appealed the order, which was affirmed on appeal.

In 2022, Leslie filed the second, at-issue petition for resentencing. The trial court denied this petition on the ground that Leslie was not entitled to file successive petitions.

This appeal followed. Leslie's appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *People v. Delgadillo*, *supra*, 14 Cal.5th 216. We directed appellant's counsel to send the record and a copy of the opening brief to Leslie, and we advised that within 30 days of the date of the notice, Leslie could submit a supplemental brief or letter stating any grounds for an

---

[3]     The record does not contain the reporter's transcript of the hearing on the first petition. Therefore, the summary of the trial court's reasons for denying it is from Leslie's opening brief filed in the prior appeal, which is part of this appellate record.

3

appeal, or contentions, or arguments he wished this court to consider. Leslie submitted a supplemental brief in which he argues that the trial court erred by denying his petition as a successive one and that he was convicted based on a theory under which malice was imputed to him.

## DISCUSSION

### I. Overview of Senate Bill No. 1437

To the end of ensuring a person's sentence is commensurate with the person's individual criminal culpability, Senate Bill No. 1437 (2017–2018 Reg. Sess.) limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime. (See generally *People v. Reyes* (2023) 14 Cal.5th 981, 986; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) Senate Bill No. 1437 added section 189, subdivision (e) (limiting application of the felony-murder rule) and section 188, subdivision (a)(3) (stating that "to be convicted of murder, a principal in a crime shall act with malice aforethought" and malice "shall not be imputed to a person based solely on his or her participation in a crime").

Senate Bill No. 1437 also created a procedure, codified at section 1172.6, for a person convicted of murder under the former law to be resentenced if the person could no longer be convicted of murder under the amended law. (*People v. Lewis, supra*, 11 Cal.5th at p. 959; *People v. Gentile, supra*, 10 Cal.5th at p. 847.) At the prima facie stage, the trial court takes as true the

4

petitioner's factual allegations and assesses whether the petitioner would be entitled to relief if those allegations were proved. (*Lewis*, at p. 971.) In determining whether the petitioner has made a prima facie case for relief, the trial court may look at the record of conviction, including jury instructions, verdicts and closing argument, to determine readily ascertainable facts such as the crime of conviction. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815; see, e.g., *People v. Harden* (2022) 81 Cal.App.5th 45, 56.) At the prima facie stage, the trial court does not engage in fact finding that involves weighing evidence or exercising discretion. (*Lewis*, at p. 972.) If a petition establishes a prima facie case for relief, the trial court must appoint counsel if requested, issue an order to show cause, and hold an evidentiary hearing. (§ 1172.6, subds. (b)(3), (c), & (d)(1).) Otherwise, the trial court may dismiss meritless petitions that do not establish a prima facie case for relief. (*Lewis*, at p. 971.)

II.     Leslie is ineligible for resentencing

In his supplemental brief, Leslie contends his petition was improperly denied as a successive petition. Even assuming he is correct, the trial court nonetheless properly denied the petition on the merits because his jury was not instructed on felony murder or the natural and probable consequences doctrine, and the jury did not convict him based on a theory under which malice was imputed to him, as we now explain.

Murder is the unlawful killing of a human with malice aforethought. (§ 187, subd. (a).) Malice is express "when there is manifested a deliberate intention to unlawfully take away the life of a fellow creature." (§ 188, subd. (a)(1).) Malice is implied "when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and

5

malignant heart." (§ 188, subd. (a)(2).) First degree murder occurs when the murder is willful, premeditated, and deliberate. (§ 189, subd. (a).)

A defendant is liable as a direct aider and abettor of express malice murder if the defendant aided or encouraged the murder with knowledge of the perpetrator's unlawful purpose and with the intent or purpose of committing, encouraging, or facilitating the murder's commission. (*In re Lopez* (2023) 14 Cal.5th 562, 579; *People v. McCoy* (2001) 25 Cal.4th 1111, 1121 [direct aiding and abetting is based on participants' combined actus reus and aider and abettor's own mens rea].) When an aider or abettor, acting with a personal mens rea of premeditation and deliberation, knowingly and intentionally assists another to kill someone, the aider and abettor is guilty of first degree premeditated murder. (*In re Lopez*, at p. 579.)

Some courts have found that the standard instructions on aiding and abetting and second degree implied malice murder improperly allow a jury to find a defendant guilty of aiding and abetting *second* degree implied malice murder by imputing another's malice to the defendant. (See, e.g., *People v. Langi* (2022) 73 Cal.App.5th 972; *People v. Powell* (2021) 63 Cal.App.5th 689.) Those cases are distinguishable. Here, neither the instructions nor verdicts show that Leslie's jury imputed malice to him based solely on his participation in the crime. Rather, Leslie's jury found him guilty of *first* degree murder. In doing so, it necessarily found he had express, not implied, malice.

That is, CALCRIM No. 520 instructed Leslie's jury that to find him guilty of murder, "the People must prove that [¶] 1. The defendant committed an act that caused the death of another person [¶] AND [¶] 2. when the defendant acted, he had a state

6

of mind called malice aforethought." The instruction then stated that there are two kinds of malice: express or implied, either of which is sufficient to establish the state of mind for murder. The defendant had express malice "if he *unlawfully intended to kill*" and implied malice if he "intentionally committed an act," the "natural consequences of the act were dangerous to human life," at "the time he acted, he knew his act was dangerous to human life," and he "deliberately acted with conscious disregard for human life." (Italics added.)

The trial court also instructed the jury with CALCRIM No. 401, that for Leslie to be guilty as an aider and abettor, he had to have known that the perpetrator intended to commit the "crime" and intended to aid and abet the perpetrator in committing the crime. The instruction further stated, "Someone aids and abets a crime if he knows of the perpetrator's unlawful purpose and he specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime."

The only crime charged here was murder. Therefore, under CALCRIM No. 401, the jury found that Leslie knew his accomplice intended to commit the crime of murder and intended to help his accomplice commit murder. Further, the jury found Leslie guilty of first degree murder, so the jury necessarily concluded he harbored express malice, which CALCRIM No. 520 stated requires intent to kill. (See *People v. Coley* (2022) 77 Cal.App.5th 539, 547 [attempted murder conviction necessarily required intent to kill finding]; cf. *People v. Maldonado* (2023) 87 Cal.App.5th 1257, 1259, 1262–1263 [instructions permitted conviction based on imputed malice when defendant was

7

convicted of first degree lying-in-wait murder, which does not require intent to kill].)

Because Leslie was convicted of first degree murder based on his personal mens rea of express malice, the trial court properly found him ineligible for resentencing.

## DISPOSITION

The order denying Deshawn Leslie's Penal Code section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P.J.

We concur:

EGERTON, J.

ADAMS, J.

8